# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Scottie Rader, | ) | CASE NO. 4:23-cv-05392-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED COMPLAINT |
| | ) | (Slip and Fall) |
| Hobby Lobby Stores, Inc.; Todd Carroll; and SC North Myrtle Beach 11th Ave., LP, a South Carolina Limited Partnership n/k/a Ireit North Myrtle Beach Coastal North, LLC, | ) ) ) ) ) ) | JURY TRIAL |
| Defendants. | ) ) | |
| _____ | ) ) | |
| Hobby Lobby Stores, Inc. | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| SC North Myrtle Beach 11th Ave., LP, a South Carolina Limited Partnership, n/k/a Ireit North Myrtle Beach Coastal North, LLC, | ) ) ) ) ) | |
| Third-Party Defendant | ) ) | |

The Plaintiff, complaining of the Defendants herein, would show and allege unto this Honorable Court as follows:

1. The Plaintiff is a citizen and resident of Horry County, South Carolina.

2. The Plaintiff is informed and believes that the Defendant Hobby Lobby Stores, Inc. is a corporation organized and existing pursuant to the laws of one of the states of the United States and doing business in Horry County, South Carolina at 1430 U.S. Highway 17 North, North Myrtle Beach, South Carolina.

3. The Plaintiff is informed and believes that the Defendant Todd Carroll is a citizen and resident of Horry County, South Carolina and is the general manager of the North Myrtle Beach Hobby Lobby Store and as the manager is in control of operations, including safety protocols and maintenance of the Defendant store.

4. The Plaintiff is informed and believes that the Defendant SC North Myrtle Beach 11th Ave., LP, a South Carolina Limited Partnership n/k/a Ireit North Myrtle Beach Coastal North, LLC is a corporation organized and existing pursuant to the laws of one of the states of the United States and is the owner/landlord of the property located in Horry County at 1430 U.S. Highway 17 North, North Myrtle Beach, South Carolina.

5. That on July 8, 2023, the Plaintiff was a guest invitee at the Defendant store when she fell in a transition area near the restroom where the transition is higher than the floor; that there was no warning that the threshold was higher, and it was an optical illusion causing Plaintiff to fall and flip backward.

6. As a result of the incident, the Plaintiff was seriously and severely injured.

7. The Plaintiff is informed and believes that the Defendants, by and through their officers, agents and/or employees, were negligent, grossly negligent, willful and wanton in one or more of the following particulars:

    a. In failing to properly manage the store;

    b. In failing to report to upper management of dangers in the store;

    c. In failing to warn the Plaintiff of the dangers of the transition/threshold area;

    d. In failing to warn Plaintiff of the dangerous condition;

    e. In failing to make necessary repairs;

    f. In failing to supervise and direct repairs of the dangerous area;

    g. In failing to follow established procedures;

  h. In failing to supervise its employees;

  i. In failing to repair the transition/threshold area;

  j. In failing to maintain the premises in a safe, clean and reasonably prudent manner;

  k. In failing to provide a reasonably safe premises for the use by the Plaintiff;

  l. In failing to properly maintain and/or implement any reasonable system of inspection of said premises;

  m. In permitting and allowing the said premises to remain in a dangerous and/or hazardous condition;

  n. In failing to warn the Plaintiff that said premises was in a dangerous and/or hazardous condition when it knew, or should have known, of the dangerous and/or hazardous condition;

  o. In failing to place signs in a conspicuous manner and in a conspicuous place to warn the Plaintiff of the dangerous and/or hazardous condition existing;

  p. In failing to notify the Plaintiff through its agents and/or employees of the dangerous and/or hazardous condition existing;

  q. In failing to use that degree of skill and care that an ordinary and reasonable person would have done under similar and like circumstances;

8. As a direct and proximate result of the negligence of the Defendants, by and through their agents and/or employees, the Plaintiff has suffered painful and permanent injuries; has incurred and will continue to incur medical expenses; has suffered and will continue to suffer pain and discomfort; has suffered and will continue to suffer loss of wages and earning capacity; has suffered and will continue to suffer a disruption to her daily routine both at home and at work; and has suffered and will continue to suffer a loss of enjoyment of life.

  WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual damages, for punitive damages, for the costs of this action and for such other and further relief as this Court may deem necessary, just and proper

KELAHER, CONNELL & CONNOR, P.C.

*s/Gene M. Connell, Jr.*
Gene M. Connell, Jr. (Fed. I.D. No. 236)
The Courtyard, Suite 209
1500 U. S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net

February 5, 2024                    **Attorney for Plaintiff**
Surfside Beach, South Carolina.

4